## BROADUS and WIFE *v.* NELSON.

EJECTMENT for land as a homestead. The husband alone had executed a deed to defendant. There was evidence tending to show that the premises were never occupied by plaintiffs with the intention of making them the homestead; and also evidence tending to prove an abandonment of their occupancy, and a residence on other property as that of the family. The Court below submitted a series of questions to the jury, for a special verdict, the first of which was : "Did the plaintiffs ever dedicate and set apart the real estate described in the complaint, as a homestead, by living upon it with the intention so to dedicate it?" and told the jury if they answered this question in the negative, the answer would constitute their entire verdict, but if they found in the affirmative, they should then proceed to answer the other questions : *Held,* that such direction was proper, as a negative answer to this question was conclusive against

Broadus *v.* Nelson.

a recovery, and that such directions are convenient in practice, and no abuse of discretion.

Lower Courts have an enlarged discretion in the conduct of the business before them, and with this discretion the appellate Court will not interfere, unless it affirmatively appear that injustice has been done.

APPEAL from the Sixth District.

Ejectment for a lot in Sacramento. Broadus, the husband, conveyed the lot by his sole deed to defendant, who took possession. The answer denies that the premises ever were the homestead of plaintiffs, and avers that, at the time of the husband's deed to defendant, plaintiffs' were living on other property, and both stated that they did not claim the premises in controversy as a homestead. On the trial, the Court submitted a series of questions to the jury for a special verdict, the first of which was the one stated in the opinion of this Court. The jury were told if they found this question in the negative, their answer to it would constitute their entire verdict; but if they found in the affirmative, they would then proceed to answer the other questions. These were as to abandonment, occupancy of other premises, signature of wife, etc.

The jury returned a negative answer to the first question, and upon this verdict judgment was rendered for defendant. Plaintiff moved for new trial, on the ground, among others, that the jury should have been permitted to find on all the questions, and that the direction of the Court was an abuse of discretion. Overruled. Plaintiffs appeal.

*Hereford & Long, and L. Sanders, Jr.,* for Appellant.

*Winans & Hyer,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was ejectment for a lot in Sacramento city. The question in the case was that of homestead; and upon this claim the plaintiff, Broadus, seeks to recover the premises against his deed. There was testimony tending to show that the premises were never occupied by the plaintiff and his family with the intention of making them the homestead; and there was also testimony tending to prove an abandonment of the occupancy of the premises, and a residence on other property as that of the family.

The Court below submitted to the jury this question: "Did the plaint-

iffs ever dedicate and set apart the real estate described in the complaint as a homestead, by living upon it with the intention so to dedicate it?" and in this connection told the jury if they found the negative of this fact, they need proceed no further. The jury found that there was no such dedication. We do not understand that the Court suggested or intimated to the jury how they should find this fact, but merely suggested that the finding in this respect against the plaintiffs would relieve the jury from the necessity of further investigation. We see no abuse of the discretion of the Court in this direction. The decision of this question went to the foundation of the plaintiffs' action. The finding against them, if warranted by the proofs, was conclusive of all claims to recovery; no other findings could help or hurt the case after this had been made. We see no objection to the direction of the jury; such directions are not only frequently convenient in practice, but they conform to the usages in the English Courts, where it is not unfrequent for the Judges to stop the general course of a trial and to direct a finding upon some matter which, decided in a given way, is conclusive of the cause on the merits. It would be an useless consumption of time to proceed to hear and try various issues and matters in dispute, when the decision of one fact is conclusive of the whole case on the merits. An enlarged discretion is given to the lower Courts in the conduct and management of the public business; and with this discretion an appellate tribunal cannot interfere, unless it affirmatively appear that injustice has been done.

Probably the cases of *Harper* v. *Forbes, Guiod* v. *Guiod,* and *Gee* v. *Moore,* in this Court, are decisive of this case on other grounds; but it is not necessary to decide this case in connection with the principles there decided.

We see nothing in the record to show that the jury were not warranted in their finding; and it is not necessary to inquire into other points, this being decisive.

Judgment affirmed.